**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

MICHAEL MALRY,

Plaintiff,

v.

MONTGOMERY COUNTY PUBLIC SCHOOLS,

Defendant.

Civil Action No. 8:11-cv-00361-AW

**MEMORANDUM OPINION**

Michael Malry, proceeding pro se, has brought this action against Defendant Montgomery County Public Schools ("Defendant" or "School"). The Court draws the following factual recitation from Plaintiff's Complaint.

At all relevant times, Plaintiff worked as an Instructional Technical Support Specialist with the School. Plaintiff has worked for the School for over fifteen years and has regularly received outstanding performance appraisals.

Plaintiff alleges that, from October 14, 2008, continuing through February 2009, a principal at the School "embarked on a course of harassment . . . , including . . . restricting Plaintiff's job duties, preventing Plaintiff from making purchases of products and materials germane to the operation of his unit, encouraging other employees to submit negative and defamatory statements about Plaintiff, and giving Plaintiff unfounded warnings and reprimands." Doc. No. 2 ¶ 7. Plaintiff further states that "the aforementioned course of conduct was taken against [him] because of his age and race, and in retaliation of him asserting that he was being

treated differently . . . because of his age and race." *Id.* ¶ 8. The Complaint is bereft of added factual enhancements.

Defendant removed the case on February 9, 2011. Doc. No. 1. The Complaint was registered on the same day. Doc. No. 2. Plaintiff named the School's one-time principal, Dennis Queen, as a Defendant. The School answered shortly thereafter. Doc. No. 7. The Court dismissed Plaintiff's claims against Queen for failure to effect service of process. Doc. No. 12.

The case went into discovery. The Court extended the Scheduling Order several times through consent motions. On September 21, 2012, Defendant filed a status report stating that "Plaintiff has failed to respond to discovery requests and has failed to appear at a scheduled deposition." Doc. No. 21 at 1. Defendant also stated its intention of filing a dispositive motion.

On November 2, 2012, Defendant filed a Motion to Dismiss, for Judgment on the Pleadings and/or for Summary Judgment ("Motion for Judgment on Pleadings" or "Motion"). *See* Doc. No. 24-1. Defendant makes two arguments in its Motion: (1) the Court should dismiss Plaintiff's claims as a discovery sanction; and (2) the Court should dismiss Plaintiff's claims because he has failed to state cognizable claims for racial discrimination, age discrimination, and retaliation. To support the first argument, Defendant has submitted a series of documents indicating that it served interrogatories, requests for production, and a notice of deposition on Plaintiff at his address of record. *See* Doc. No. 24-3, -4, -5, -6. Although some of these mailings were not claimed, Defendant certifies that it spoke with Plaintiff via telephone and Plaintiff verified that he lives at his address of record and told Defendant "not send him mail that is certified as he is always working." Doc. No. 23 at 6. Defendant notes that, although it appeared at the scheduled deposition, Plaintiff failed to attend. *See* Doc. No. 24-7. Defendant has filed a

Rule 37(d) certificate outlining its efforts to serve its discovery requests on Plaintiff. Doc. No. 23.

Rule 37 of the Federal Rules of Civil Procedure empowers courts to sanction parties for failing to adequately participate in the discovery process. Rule 37(d)(1)(A) provides that courts may order sanctions if a party fails to appear for that person's deposition after proper service of notice. Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37(d)(1)(A) also provides that courts may order sanctions if a party fails to serve its answers, objections, or written responses after proper service with interrogatories or a request for production of documents. Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed R. Civ. P. 37(d)(3). Motions for sanctions under Rule 37(d) must "include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act." Fed. R. Civ. P. 37(d)(1)(B).

In this case, Plaintiff has completely disregarded the discovery process. Defendant has certified that its efforts to obtain discovery from Plaintiff bore no fruit. Although Defendant removed the case in February 2011, the record reflects that Plaintiff has failed to meaningfully participate in the case. Plaintiff failed to serve Queen and has not responded to the instant Motion despite having been sent a Rule 12/56 letter. Although Plaintiff might contend that he did not receive Defendant's propounded discovery, the Clerk sent the Court's Show Cause Order for failure to effect service of process to Plaintiff's address of record and Plaintiff responded to it. *See* Doc. Nos. 9–10. In his response to the Show Cause Order, Plaintiff lists his address as "19119 Stedwick Drive, Montgomery Village, Maryland 20886." Doc. No. 10 at 1. This address is Plaintiff's address of record. Therefore, it is unreasonable to infer that Plaintiff failed to receive Defendant's numerous mailings, many/all of which were sent via certified mail,

sometimes with restricted delivery. *See* Doc. No. 24-3, -4, -5, -6. Moreover, Defendant has certified that Plaintiff told Defendant's counsel that he lives at his address of record and that Defendant should not send him mail that is certified as he is always working. One can infer from this statement that Plaintiff received Defendant's prior mailings and willfully decided not to respond to them. Accordingly, the Court dismisses Plaintiff's claims as a discovery sanction.

Dismissal would be in order even if dismissing Plaintiff's claims as a discovery sanction were inappropriate. Plaintiff has failed to state cognizable claims for race discrimination, age discrimination, or retaliation, whether under federal or state law. For analytical purposes, the Court assumes that Plaintiff's allegation that Queen "embarked on a course of harassment" constitutes an adverse employment action. Even so, Plaintiff has not stated a cognizable claim for racial discrimination because the Complaint is devoid of any allegations supporting the inference that the allegedly adverse action was based on Plaintiff's race. Plaintiff simply states that the complained-of conduct "was taken . . . because of his . . . race." This is a conclusory factual assertion devoid of any reference to actual events that warrants no weight. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) ("A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff's ADEA claim fails as a matter of law because Plaintiff has not adequately alleged that he is at least 40 years of age. *See* 29 U.S.C. § 631; *see also Jones v. Stafford*, Civil Action No. 8:12–cv–00891–AW, 2012 WL 5882588, at *6 (D. Md. Nov. 20, 2012). Although Plaintiff alleges that he worked for Defendant for "over fifteen years," it is equally reasonable for one to infer that he started working for Defendant in his early twenties, which would mean he

was in his late thirties during the relevant period. Plaintiff also has failed to state a prima facie case under the ADEA because he has insufficiently stated that "similarly situated employees outside of his protected class received more favorable treatment." *Altevogt v. Kirwan*, Civil No. WDQ–11–1061, 2011 WL 3648382, at *2 (D. Md. Aug. 11, 2011) (citation omitted).

Plaintiff's retaliation claim likewise fails as a matter of law. Although one could argue that Plaintiff has adequately alleged that he engaged in opposition and that Defendant took adverse action against him, his threadbare allegations fail to support the inference that his opposition caused the adverse action. Plaintiff does not state the temporal proximity between his opposition and the adverse action, and the Complaint contains no other allegations from which one could infer a retaliatory animus. *See Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001) (mere temporal proximity establishes the necessary causal link only where it is "very close").

It is somewhat unclear under what statutes Plaintiff has asserted his racial discrimination, age discrimination, and retaliation claims. Insofar as one could infer that Plaintiff has asserted claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Maryland law, these claims would fail for the same reasons. *See, e.g., St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (citation omitted) ("we shall assume that the *McDonnell Douglas* framework is fully applicable to racial-discrimination-in-employment claims under 42 U.S.C. § 1983"); *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 880 (D. Md. 2012) (citations omitted) ("It is well-settled that the elements that plaintiffs must satisfy to state a prima facie case of retaliation under § 1981 equal the elements of a prima facie case of retaliation under Title VII."); *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 742 (Md. 2007) (Title VII precepts guide interpretation of Maryland anti-discrimination statutes).

Accordingly, the Court **GRANTS** Defendant's Motion for Judgment on Pleadings (Doc. No. 24). A separate Order follows.

| March 4, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |